ARDC No. 6190362

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| PARESH SHAH and SHOBHANA SHAH, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 08 CV 3811 |
| ) | |
| WACHOVIA MORTGAGE, FSB, GEROGE ) | |
| GILOU, a/k/a GEORGE SHAMOUN, ) | |
| individually and d/b/a EQUITY ONE and d/b/a ) | |
| GMC FINANCIAL, STEVE A. SHAMOUN, ) | |
| and PRISM TITLE, LLC, an Illinois limited ) | |
| liability company, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO STRIKE COUNTS V AND VI**

NOW COMES the Defendant, Prism Title, LLC ("Prism Title"), by and through its attorney, William J. Arendt of William J. Arendt & Associates, P.C., and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to strike and dismiss portions of Counts V and VI of Plaintiffs' Complaint for Rescission and Other Relief. In support thereof, Defendant states as follows:

**COUNT V: VIOLATION OF THE CONSUMER FRAUD**
**AND DECEPTIVE PRACTICES ACT**

    A.    **Plaintiffs Fail to Allege Intent.**

1. In order to state a cause of action under the Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.* ("Consumer Fraud Act"), Plaintiffs must allege each of the following five elements:

    (1)    Defendant committed a deceptive act or practice;

    (2)    Defendant intended for plaintiff to rely on the deception;

    (3)    The deception occurred in the course of conduct involving trade or commerce;

    (4)    Plaintiff suffered actual damages; and

    (5)    Plaintiff's damages were proximately caused by defendant's deceptive conduct.

<u>DOD Technologies v. Mesirow Ins. Services, Inc.</u>, 381 Ill. App. 3d 1042, 887 N.E.2d 1, 9 (1st Dist. 2008).

2.    Under element two above, Plaintiffs are required to allege that Prism Title intended for Plaintiffs to rely one or more deceptive acts. <u>Id.</u> Instead, Plaintiffs have alleged that Prism Title, as agent for Wachovia Mortgage, FSB, intended Wachovia (not Plaintiffs) to rely on its representations. (<u>See</u> Count V ¶ 24 (a-g)). For example, Plaintiffs allege that Prism Title was responsible for:

    b.    Back-dating certain documents to April 11, 2008, *after* execution by Shah.

    c.    Falsely representing *to Wachovia* that the closing on the loan took place on April 11, 2008, and that both of the Shahs were present.

(Count V ¶ 24) (emphasis added).

3.    The Court should strike the allegations in Count V ¶ 24(a-g) because they fail to establish that Prism Title intended for Plaintiffs to rely on the alleged deception.

    **B.**    <u>**Allegations of Negligence are Insufficient.**</u>

4.    Count V ¶ 24(h-j) contains allegations of negligent, not deceptive acts, which the Court should, therefore, strike. Under the Consumer Fraud Act, Plaintiffs must allege that the defendant "committed a deceptive act or practice." <u>DOD Technologies</u>, 381 Ill. App. 3d 1042, 887 N.E.2d at 9.

5.    Here, Plaintiffs contend that Prism Title engaged in allegedly deceptive acts by:

      h.      Failing to ensure that the correct dates on the Notice of Right to Cancel were inserted by the Shahs;

      i.      Disbursing the loan funds when the loan documents had expired according to their dates;

      j.      Making changes to and switching out pages of the Settlement Statement after execution….

(Count V ¶ 24.)

6.     The allegations above are, at best, allegations of negligence that do not amount to unfair or deceptive acts.

    **C.**    **No Proximate Cause.**

7.     As discussed above, one of the elements necessary to state a cause of action under the Consumer Fraud Act is that "plaintiff's [actual] damages were proximately caused by defendant's deceptive conduct." <u>DOD Technologies</u>, 381 Ill. App. 3d 1042, 887 N.E.2d at 9. In order to meet this causation element, Plaintiffs "must have actually been deceived in some manner by the defendant's alleged misrepresentations of fact." <u>Price v. Philip Morris, Inc.</u>, 219 Ill.2d 182, 269, 848 N.E.2d 1 (2005) (citing <u>Oliveira v. Amoco Oil Co.</u>, 201 Ill.2d 134, 776 N.E.2d (151 (2002)).

8.     Here, Plaintiffs allege that Prism Title falsified loan documentation and made false representations to Wachovia regarding the subject loan. However, Plaintiffs allege that Prism Title made these so-called false representations to Wachovia (not to Plaintiffs) with the "intention of allowing the loan closing to proceed." (Count V ¶¶ 24, 27.) Plaintiffs also admit that, "[n]o representative of Prism was present at the time the documents were signed." (Count I ¶ 23.)

9.     Although Plaintiffs allege that Prism Title made false representations to Wachovia, Plaintiffs fail to allege that these false representations proximately caused their own

3

damages. According to Plaintiffs' allegations, Prism Title's representations may have affected *Wachovia's* choice to enter into a loan with the Plaintiffs, but Prism Title did not cause *Plaintiffs* to enter into a loan under false pretenses.

10. Because Plaintiffs have failed to allege proximate cause, this Court should strike Count V.

### D. Punitive Damages.

11. With respect to Plaintiffs' claim for punitive damages, Plaintiffs merely paraphrase the pleading standard, failing to allege even a bare minimum of facts.

12. In order to recover punitive damages, Plaintiffs must allege that Prism Title's actions were "outrageous either because the acts [were] done with malice or an evil motive or because they [were] performed with a reckless indifference toward the rights of others." Smith v. Prime Cable of Chicago, 276 Ill. App. 3d 843, 858, 658 N.E.2d 1325 (1st Dist. 1995).

13. However, Plaintiffs may not simply paraphrase the pleading standard, as "surviving a Rule 12(b)(6) motion 'requires more than labels and conclusions.... Factual allegations must be enough to raise a right to relief above the speculative level….'" Pugh v. Tribune Co., 521 F.3d 686, 699 (7th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965, (2007)).

14. Here, Plaintiffs allege only that the "acts and omissions of Prism were outrageous, malicious, and were done intentionally with evil motive, with the express intent of taking advantage of the Shahs…." (Count V ¶ 32.) Because Plaintiffs merely paraphrase the relevant pleading standard, without alleging even a minimum of facts, the Court should strike their request for punitive damages.

## COUNT VI: VIOLATION OF THE TITLE INSURANCE ACT

### A.    No Material Misrepresentation.

15.    In order to state a cause of action under the Title Insurance Act against a person or title insurance company, a plaintiff must allege that the defendant violated "the prohibitions or limitations of subsection (a) of Section 21 of [the Title Insurance Act]." 215 ILCS 155/25. Section 21(a) lists six possible violations, including that the defendant:

> (1)    has intentionally made a material misstatement or fraudulent misrepresentation in relation to a matter covered by this Act;
>
> (2)    has misappropriated or tortuously converted … monies held in a fiduciary capacity;
>
> (3)    has demonstrated untrustworthiness or incompetency in transacting the business of guaranteeing title to real estate in such a manner as to endanger the public;
>
> (4)    has materially misrepresented the terms or conditions of contracts or agreement to which it is a party;
>
> (5)    has paid any … fees or other charges to any person in violation of any State or federal law…;
>
> (6)    has failed to comply with the deposit and reserve requirement of this Act or any other requirements of this Act.

16.    Plaintiffs have failed to specify which, if any, of the six possible violations have occurred. (See Count VI ¶ 26.) Plaintiffs have made no allegations related to violations (2), (3), (5), or (6); and have failed to allege facts to support a cause of action under the remaining violations, (1) and (4).

17.    Both Sections 21(a)(1) and (4) of the Title Insurance Act require that any alleged misrepresentations be "material" in order to state a cause of action. 215 ILCS 155/21(a). "A misrepresentation is 'material' if the recipient would have acted differently had he been aware of

the falsity of the statement, or if the person making it knew the statement was likely to induce the recipient to engage in the conduct in question." 23-25 Bldg. Partnership v. Testa Produce, Inc., 381 Ill. App. 3d 751, 758, 886 N.E.2d 1156 (1st Dist. 2008).

18. Plaintiffs fail to allege that Wachovia (the party to whom the representations were made) would have acted differently had it known the statements were false, or that Prism Title possessed the required knowledge when it made its statements to Wachovia. (Count VI ¶ 26.)

19. Instead, Plaintiffs simply allege that they were damaged. (Count VI ¶ 27.) Allegations that Plaintiffs were damaged are insufficient to allege the necessary requirement of materiality.

### B. The Title Insurance Act Does Not Authorize Treble Damages, Punitive Damages, Attorney Fees or Costs.

20. Finally, Plaintiffs erroneously claim that, under the Illinois Title Insurance Act, they are entitled to recover treble damages, punitive damages, attorney fees and costs. (Count IV ¶ 28, *et seq.*)

21. Under 215 ILCS 155/25(a), an injured party may bring a cause of action against a person who has violated Section 21(a) of the Title Insurance Act for recovery of "actual damages." Section 25(b) makes injunctive relief available against title insurance companies. However, only where a permanent injunction is granted, may the Court "award actual damages" and/or "[r]easonable attorney's fees and costs" to the prevailing party. 215 ILCS 155/25(b).

22. The Title Insurance Act does not provide for the recovery of treble or punitive damages. See 215 ILCS 155/25. Likewise, Plaintiffs are not seeking injunctive relief against Prism Title. (Complaint at pg. 20.) Therefore, only "actual damages" are available, and the Court should strike Plaintiffs' requests for treble damages, punitive damages, attorney fees, and costs.

WHEREFORE, the Defendant, Prism Title, LLC, respectfully requests that the Court strike and dismiss Counts V and VI of Plaintiffs' Complaint for Rescission and Other Relief, and grant such other, further, and different relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

**PRISM TITLE, LLC**

By: /s/ WJA
William J. Arendt, Attorney

**William J. Arendt & Associates, P.C.**
Attorneys for Prism Title, LLC
7035 Veterans Boulevard, Suite A
Burr Ridge, Illinois 60527
(630) 887-7500
ARDC No. 6190362